1  RABINOWITZ, BOUDIN, STANDARD,
   KRINSKY & LIEBERMAN, LLP
2  Eric M. Lieberman (*pro hac vice* applied for)
   61 Broadway, Suite 1800
3  New York, NY 10006
   Telephone: 212.254.1111
4  Facsimile: 212.674.4614

5  KENDALL BRILL & KELLY, LLP
   Bert H. Deixler (70614)
6  10100 Santa Monica Blvd., Suite 1725
   Los Angeles, California 90067
7  Telephone: 310.556.2700
   Facsimile: 310.556.2705
8
   *Attorneys for Plaintiff*
9  *Church of Scientology International*

10
                   **UNITED STATES DISTRICT COURT**
11
         **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
12

13
   CHURCH OF SCIENTOLOGY              Case No.
14 INTERNATIONAL,

15             Plaintiff,              **COMPLAINT FOR
                                       DECLARATORY AND
16         v.                          INJUNCTION RELIEF**

17 LAURA ANN DeCRESCENZO, aka
   LAURA A. DIECKMAN,
18
               Defendant.
19

20

21

22

23

24

25

26

27

28

328422.1

1. Plaintiff Church of Scientology International ("CSI") brings this action for declaratory and injunctive relief to enjoin defendant Laura DeCrescenzo ("DeCrescenzo") from prosecuting a certain lawsuit ("the state court lawsuit") pending in the Superior Court of the State of California, Los Angeles County ("the Superior Court") entitled *DeCrescenzo v. Church of Scientology International, et ano.*, No. BC411018. The ground for this lawsuit is that a prior final judgment of this court precludes DeCrescenzo from prosecuting the merits of the state court lawsuit, or the state court from hearing or deciding it.

## JURISDICTION

2. This case arises under Article III, Article IV, Section 1 (the Full Faith and Credit Clause), and Article VI, Clause 2 (the Supremacy Clause) of the Constitution of the United States; the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States; the All Writs Act, 28 U.S.C. §1651; the Full Faith and Credit Act, 17 U.S.C. §1738; the third exception set forth in the Anti-Injunction Act, 22 U.S.C. §2283 (permitting a federal court to issue an injunction to stay proceedings in a state court "to protect or effectuate its judgments"); and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

3. This court has jurisdiction under 28 U.S.C. §1331 and §1651, as well as its jurisdiction over the original action in which it rendered the judgment that plaintiff seeks to enforce by bringing this action.

## PARTIES

4. Plaintiff CSI is the senior ecclesiastical management church of the Scientology religion. CSI is formally recognized by the Internal Revenue Service as a tax-exempt charitable and religious corporation that oversees Scientology's ministering of religious and other services and overall ecclesiastical management. CSI is a named defendant in the state court lawsuit pending in the Superior Court.

5. Defendant DeCrescenzo is the plaintiff in the state court lawsuit pending in the Superior Court. DeCrescenzo is a former staff member of CSI, and brought the state court lawsuit seeking damages for her experiences in that position. Upon information and belief, DeCrescenzo is now a resident of New Mexico.

## FACTS

6. On April 2, 2009, almost five years after she terminated her relationship with CSI, defendant DeCrescenzo filed the state court lawsuit, alleging six state law causes of action based on allegations concerning her relationship with CSI from 1991-2004. Prior to CSI's response, DeCrescenzo filed her First Amended Complaint ("FAC") on May 19, 2009.

7. DeCrescenzo's FAC alleged that she was coerced to work for CSI from 1991 to 2004 "at below minimum wage compensation," doing unspecified "clerical and secular" work [FAC ¶ 12], that she worked excessive hours without overtime compensation and with insufficient time off [FAC ¶ 27]; that throughout her relationship with CSI, "she was under the undue influence of CSI and its agents" [FAC ¶ 39]; that CSI "blackmail[ed]" her by subjecting her to a "sec checking" procedure whereby she was "interrogated on a primitive lie detector known as an e-meter" [FAC ¶¶ 86-87] to keep her from leaving her staff position, including by threats that she would be "declared" a "suppressive person" and "an enemy of the church and 'disconnected' from family and friends" [FAC ¶ 25]; and that as a result she would be "harassed and attacked by the Scientology enterprise." (*Ibid.*) DeCrescenzo specifically asserted in her FAC that "for these reasons and others, [CSI] should be estopped from using a statute of limitations defense to avoid or limit damages." (*Ibid.*) DeCrescenzo alleged that she "eventually decided to leave" CSI by staging a simulated suicide attempt to encourage the Church to dismiss her [FAC ¶ 36]. Finally, she claimed that only years after she left did she "conduct research on the internet to find out what the 'religion' of Scientology is all about" [FAC ¶ 42], and that she "only recently learned that CSI may have a legal responsibility for its

wrongful conduct and that this legal responsibility would not be destroyed or lost by reason of documents [she] was coerced into signing under duress when she was 'offloaded' as a security risk. . . ." [FAC ¶ 88].

8. Based on these allegations, DeCrescenzo asserted various state law claims, including for unfair business practices, minimum wage and maximum hour violations, and intentional infliction of emotional distress. DeCrescenzo also alleged that CSI coerced her to execute various releases and confidentiality agreements and told her that they extinguished her legal rights. She alleged that she was "coerce[ed]" into signing these documents while "under extreme duress"; that she "did not freely consent" to the terms of these documents; that "[she] did not fully understand the papers, or the process" [FAC ¶ 37]; and that CSI misled her to believe that the releases and confidentiality agreements she signed were legal [FAC ¶¶ 40, 51]. Finally, DeCrescenzo added a new federal claim for "human trafficking" pursuant to 18 U.S.C. §§ 1589, 1593, 1595. [FAC ¶¶ 71-74].

9. DeCrescenzo acknowledged that all her claims had accrued when she left her position at CSI in April, 2004, that the statutes of limitations on all such claims had begun to run upon such accrual, and that all her claims equally were barred by the statute of limitations, unless tolled. Anticipating such a defense, DeCrescenzo pleaded:

> [CSI]'s deceitful and atrocious conduct should operate to equitably toll any statute of limitations and equitably estop [CSI] from using time bars to escape liability for an ongoing course of illegal and coercive conduct.

[FAC ¶ 19].

10. Based on DeCrescenzo's allegation of a human trafficking claim arising under federal statutes, CSI removed the entire action to this court, where it ultimately was assigned to District Judge George H. King, now retired.

11. CSI moved the district court to dismiss all of DeCrescenzo's causes of action in the FAC on the ground that they all were time-barred because the statutes

of limitations had run on all claims from the date that DeCrescenzo acknowledged such claims had accrued, that is, the date she left her position at CSI. In response, and as pleaded in her FAC, DeCrescenzo argued that CSI was precluded from interposing a defense of statute of limitations to each cause of action by the doctrine of equitable estoppel, including that CSI had misled plaintiff to believe that she had waived her legal rights by signing the releases she alleged she had been coerced to sign.

12. On November 5, 2009, Judge King held that plaintiff's federal "human trafficking" claim was barred by the applicable four-year statute of limitations, and dismissed that claim with prejudice and without leave to amend. Judge King specifically considered and rejected DeCrescenzo's argument that equitable estoppel precluded CSI from invoking the statute of limitations.

13. Having dismissed the federal claim, Judge King remanded the state law claims to the Superior Court. DeCrescenzo did not appeal the order of dismissal.

14. Following remand to the Superior Court, CSI demurred to the remaining claims in the FAC on the grounds that all DeCrescenzo's claims accrued no later than 2004 and were thus time-barred, including that no equitable doctrine salvaged her stale claims, and that she was collaterally estopped by Judge King's ruling to assert otherwise. The Superior Court sustained CSI's demurrer in its entirety, with leave to amend, finding that DeCrescenzo failed to plead "adequate facts explaining why any type of tolling is appropriate in the situation before the court." The court did not address CSI's collateral estoppel argument.

15. DeCrescenzo then filed her Second Amended Complaint (SAC) on February 2, 2010. DeCrescenzo alleged seven causes of action based on the same events alleged to have occurred between 1991 and 2004 in connection with her staff positions as a religious worker with CSI. [SAC ¶ 5]. DeCrescenzo once again pleaded facts to support her argument that CSI was equitably estopped from invoking the statutes of limitations as a defense. Those allegations were similar or

identical to those pleaded in her earlier complaints. The SAC added Religious Technology Center (RTC) as a named defendant. RTC is responsible for insuring and enforcing the orthodox practice of the Scientology religion. RTC also is formally recognized by the Internal Revenue Service as a tax exempt charitable and religious organization. DeCrescenzo alleged that RTC controlled CSI and therefore was responsible for CSI's acts.

16. CSI demurred to the SAC on two grounds: (1) all claims were barred by collateral estoppel, based on this court's final judgment that CSI was not equitably estopped from invoking the statute of limitations as a defense to plaintiff's federal law claim; and (2) all claims were barred by the statutes of limitations. RTC also demurred.

17. On March 18, 2010, the Superior Court sustained CSI's demurrer without leave to amend. In an oral opinion delivered on April 30, 2010 granting RTC's demurrer, the court rejected DeCrescenzo's equitable estoppel argument, because, given the circumstances of her "escape" from Scientology, "a reasonable person in plaintiff's position would have, should have obtained counsel . . . to evaluate whether plaintiff had any legal recourse" when CSI allegedly forced her to sign documents as a condition for leaving. The Superior Court, however, rejected CSI's collateral estoppel argument arising from the prior federal court judgment, finding that under California law that the federal court dismissal based on the statute of limitations was not a decision on the merits under state law (although it is on the merits under federal law).

18. Having sustained the demurrers to the SAC in its entirety without leave to amend, the Superior Court ordered the matter dismissed on April 30, 2010. (*Ibid.*) The court entered judgment on June 9, 2010.

19. DeCrescenzo appealed. On June 24, 2011, the California Court of Appeal, District Two, Division Three reversed and remanded to the Superior Court. *DeCrescenzo v. Church of Scientology International*, 2011 WL 2508142 (As

Modified on Denial of Rehearing, July 22, 2011). On the issue of equitable estoppel, the court held that DeCrescenzo's allegations of "intimidation and threats of banishment and harassment, if true, may preclude defendants, in equity, from asserting the statute of limitations as a defense," and were sufficient "for pleading purposes," even though "[DeCrescenzo] does not expressly allege that the threats caused her to delay filing her complaint." *Id.* At *6.

20. On the question of the collateral estoppel effect of the federal court judgment, the Court of Appeal held, on the purported basis of California law, that collateral estoppel does not apply to a judgment in one lawsuit if the losing party then alleges "additional facts" in another legal action that she failed to allege in the first proceeding. Finding that DeCrescenzo had alleged additional facts in her SAC in the state court action after the case had been remanded from federal court, the Court of Appeal refused to grant preclusive effect to this court's final judgment and its determination that CSI was not equitably estopped from interposing the statute of limitations to DeCrescenzo's federal claim.

21. In so holding, the Court of Appeal relied exclusively on California state law cases. The court ignored – in fact, did not even address – the well-recognized and constitutionally compelled rule, fully briefed and argued to it by CSI, that the effect, including the preclusive effect, of a judgment of a federal court exercising federal question jurisdiction is governed exclusively by federal law. Equally, the Court of Appeal made no mention of the well-established federal law holding that a party cannot escape the preclusive consequences of a federal court judgment merely by alleging new arguments or "additional" facts that she already knew and could have raised in the original federal court proceeding that concluded in the federal court judgment. Finally, the Court of Appeal ignored that a federal court judgment dismissing a federal claim under Rule 12(b)(6) is a final judgment with both claim and issue preclusive effect.

328422.1

6

COMPLAINT FOR DECLARATORY AND INJUNCTION RELIEF

22. CSI and RTC petitioned for rehearing, raising not only the Court of Appeal's failure to apply federal law, but also showing that the very allegations that the Court of Appeals found that DeCrescenzo had made purportedly "for the first time" in her SAC were all set forth virtually *in haec verba* in the FAC as grounds for applying equitable estoppel. The petition was denied without comment.

23. CSI and RTC petitioned for review to the California Supreme Court on the ground that the Court of Appeal improperly had failed to apply federal law to the question of the preclusive effect of this court's judgment. The petition was denied on May 15, 2013.

24. Following the Supreme Court's denial of review, CSI attempted to resolve the case by seeking dismissal of the action without trial in state court. CSI successfully moved the Superior Court to bifurcate its consideration of the lawsuit between the statute of limitations/equitable estoppel issues and the merits of plaintiff's claims for relief. CSI then sought to obtain dismissal of the lawsuit in the Superior Court through separate summary judgment motions addressed to both issues. By doing so, CSI attempted to avoid the necessity of asking this court to intervene in the state court proceedings. The case was then delayed for several years by the retirement of Judge Sohigian and the appointment and subsequent recusal of a series of Superior Court judges. CSI's last motion for summary judgment was finally denied in 2016.

25. In attempting to establish trial dates, plaintiff's counsel has taken the position that the first trial – the statute of limitations/equitable estoppel trial – will require over a month to try and will involve inquiry into all of plaintiff's allegations about her experiences. As a result the case has been assigned to the long trial part of the Superior Court. The trial on statute of limitations/equitable estoppel has just been scheduled for August 13, 2018.

26. Plaintiff therefore now returns to this court to protect the integrity of the court's final judgment under the Full Faith and Credit and Supremacy Clauses,

1 and to avoid the unnecessary and wasteful and considerable expenditure of time and
2 money to relitigate the dispositive issue on which plaintiff already has obtained
3 judgment from this court.

## CLAIM FOR RELIEF

27. Plaintiff repeats and re-alleges the contents of paragraphs 1-26. Further prosecution of the state court lawsuit, including trials, would fail to give full faith and credit to the judgment of this court, in violation of Article III and Article VI, Clause 2 of the Constitution of the United States, and the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, and the Full Faith and Credit Act, 17 U.S.C. §1738.

28. The issue preclusive and claim preclusive effects of a final judgment of a federal court acting under federal question jurisdiction is governed exclusively by federal law.

29. Where a case filed in state court is removed to federal court on the basis that some of the claims arise under federal law, and where the federal court issues final judgment on the federal claims and remands remaining state law claims to state court, the federal court judgment has both claim and issue preclusive effect in the remanded proceedings.

30. A federal court has the power under the All Writs Act and the third exception to the Anti-Injunction Act to enforce its judgments, if necessary, by issuing an injunction staying stay court proceedings in derogation of that judgment and the issues finally decided by that judgment, or by enjoining a party from continuing to avoid the preclusive effects of the federal court judgment by relitigating the issue in another judicial proceeding. A federal court also has power to issue a declaratory judgment that the state court lawsuit should not go forward due to the preclusive effects of the federal court judgment. A state court is required to give full faith and credit to such a declaratory judgment.

31.     Where, as here, state courts refuse to apply federal law or give preclusive effect to a federal court judgment, a federal court should exercise its power to act as set forth in the above paragraph. Plaintiff here seeks an order enjoining the defendant from continuing to prosecute her state court action, thereby avoiding the necessity of the federal court directly enjoining the state court, albeit such relief properly can be granted.

32.     Pursuant to the All Writs Act, 28 U.S.C. § 1651 and its federal question jurisdiction under 28 U.S.C. § 1331, this court has jurisdiction over this action and power to issue all writs necessary in aid of its jurisdiction and to effectuate its judgments.

33.     By its terms, the federal Anti-Injunction Act, 28 U.S.C. § 2283, pursuant to its so-called "re-litigation exception," specifically permits a federal court to issue an injunction against a state court proceeding where necessary to effectuate and carry out a judgment of a federal court exercising its federal question jurisdiction.

**WHEREFORE,**

1.      Plaintiff requests that the court issue a declaratory judgment stating that its prior judgment, dismissing LD's federal human trafficking claim on the ground that the claim was barred by a four year statute of limitations and that equitable estoppel did not bar CSI from raising that defense, precludes LD from raising the issue of equitable estoppel in her claims pending in the state court action because those claims accrued on the same date as did her federal human trafficking claim, those claims also had statutes of limitations of four years or less, and this court's prior judgment decided that equitable estoppel does not apply to the period running from the date LD's claims accrued and the date she first filed the state court action.

2.      Plaintiff further requests this court to issue a preliminary and permanent injunction prohibiting defendant DeCrescenzo from taking any steps to

1 | further prosecute the state court lawsuit and requiring her to dismiss said lawsuit
2 | with prejudice.
3 |   3.   Plaintiff further requests this court to provide such further and
4 | necessary relief as is just and proper.

DATED: December 21, 2017        RABINOWITZ, BOUDIN, STANDARD,
                                KRINSKY & LIEBERMAN, LLP


                        By: /s/ Eric M. Lieberman
                            Eric M. Lieberman
                            Attorneys for Plaintiff Church of
                            Scientology International

DATED: December 21, 2017        KENDALL BRILL & KELLY LLP


                        By: /s/ Bert H. Deixler
                            Bert H. Deixler
                            Attorneys for Plaintiff Church of
                            Scientology International